J-S17043-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTOPHER FLENOURY, | : | |
| | : | |
| Appellant | : | No. 1237 EDA 2016 |

Appeal from the PCRA Order April 5, 2016
in the Court of Common Pleas of Philadelphia County,
Criminal Division, No(s): CP-51-CR-1301989-2006

BEFORE: OLSON, STABILE and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.: **FILED APRIL 19, 2017**

Christopher Flenoury ("Flenoury") appeals from the Order dismissing his first Petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"). *See* 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court summarized the relevant underlying facts in its Opinion, which we incorporate herein by reference. *See* PCRA Court Opinion, 5/24/16, at 2.

In June 2010, a jury convicted Flenoury of first-degree murder and related firearms offenses, for which he received an aggregate sentence of life in prison. This Court affirmed the judgment of sentence. ***See Commonwealth v. Flenoury***, 37 A.3d 1240 (Pa. Super. 2011) (unpublished memorandum). Flenoury did not seek allowance of appeal with the Supreme Court of Pennsylvania.

On January 19, 2012, Flenoury filed the instant, timely, first PCRA Petition, *pro se*. The PCRA court appointed Flenoury counsel, who thereafter filed an Amended PCRA Petition in July 2015. The PCRA court then issued a Pennsylvania Rule of Criminal Procedure 907 Notice of Intent to Dismiss the Petition without an evidentiary hearing. On April 5, 2016, the PCRA court dismissed Flenoury's Petition, after which Flenoury timely filed a Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of errors complained of on appeal.

Flenoury now presents the following issue for our review: "Did the Honorable PCRA court err when it failed to grant [Flenoury] relief on his PCRA Petition[,] even though he pled and proved that he was entitled to relief?" Brief for Appellant at 3.

We begin by noting our well-settled standard of review: "In reviewing the [dismissal] of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." ***Commonwealth v. Miller***, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level." ***Id.*** (citation omitted).

Flenoury bases his claim of PCRA court error on newly-discovered facts, in the form of an Affidavit executed by Nicodemo DiPietro ("DiPietro"). Brief for Appellant at 8-9. DiPietro's Affidavit stated that one of the

Commonwealth's key witnesses at Flenoury's trial, Antonio Lindsay ("Lindsay"), gave false testimony in an attempt to curry favor with the Commonwealth. *Id.* at 9 (asserting that "[i]n essence, [the Affidavit states that DiPietro, a prisoner,] had spoken to [] Lindsay in the prison[,] and [Lindsay] conceded that he had come into possession of [Flenoury's] discovery materials and was going to use those discovery materials to lie on [*sic*] [Flenoury] and win himself … concessions regarding his prison stay."). Flenoury avers that this evidence could not have been discovered earlier; would not be used solely to impeach the credibility of Lindsay; and would likely compel a different verdict. *Id.* at 10. Finally, Flenoury argues that the PCRA court improperly dismissed his PCRA Petition without conducting an evidentiary hearing. *Id.* at 8.

In its Opinion, the PCRA court summarized the law concerning claims of newly-discovered evidence, thoroughly addressed Flenoury's claim, and determined that it lacks merit. *See* PCRA Court Opinion, 5/24/16, at 3-7. We agree with the reasoning and determination of the PCRA court, and affirm on this basis as to Flenoury's sole issue on appeal. *See id*.

Order affirmed.

Judge Stabile joins the memorandum.

Judge Olson concurs in the result.

J-S17043-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/19/2017

- 4 -

IN THE COURT OF COMMON PLEAS OF PHILADELPHIA COUNTY
FIRST JUDICIAL DISTRICT OF PENNSYLVANIA
CRIMINAL TRIAL DIVISION

COMMONWEALTH OF PENNSYLVANIA    :    NO. CP-51-CR-1301989-2006

               VS.                  **FILED**

CHISTOPHER FLENOURY           MAY 2 4 2016

OPINION          Appeals/Post Trial
                                  Office of Judicial Records

## PROCEDURAL HISTORY

On June 2, 2010, following a jury trial before this Court the above-named defendant was convicted of first-degree murder, firearms not to be carried without a license, and possession of instruments of the crime for which defendant received an aggregate sentence of life imprisonment. Defendant then filed a notice of appeal and on October 24, 2011, the Superior Court affirmed the judgment of sentence. (1837 EDA 2010). Defendant, who did not file a petition for allowance of appeal, thereafter filed a timely petition pursuant to the Post-Conviction Relief Act, 42 Pa.C.S. § 9541 *et seq.*, on January 19, 2012. Counsel was appointed to represent him and on July 9, 2015, counsel filed an amended petition.

After the Commonwealth filed a response and a Motion to Dismiss and following this Court's assiduous review of all of the parties' filings and the record, this Court sent defendant a Pa.R.Crim.P. 907 Notice to Dismiss. On April 5, 2016, this Court issued an Order dismissing defendant's PCRA petition without a hearing. Defendant thereafter filed a Notice of Appeal and a Pa.R.A.P. 1925(b) statement.

1

*Appendix*

## FACTUAL HISTORY

Around 10:15 p.m., on January 2, 2006, the body of Keyon Harvey was found lying in the street on the 1300 block of West Jerome Street. Mr. Harvey, who had been shot in the back, was taken to a nearby hospital where he was pronounced dead. A .9 mm casing was found at the scene of the crime. Although police found no witnesses that night, on January 13, 2006, Belinda Perkins, an eye witness to the shooting, came forward and revealed that the shooting occurred as part of a conspiracy between the defendant and two other individuals the object of which was to rob Mr. Harvey. Defendant had apparently been involved in a physical altercation with Mr. Harvey the day prior to the murder.

On the day of the murder, two individuals started an argument with Mr. Harvey as he was standing out on the street. During that argument defendant came up from behind and joined in the argument. When Mr. Harvey turned around and began to walk away defendant shot him in the back. After Mr. Harvey fell to the ground, the two other individuals that took part in the scheme proceeded to go through the victim's pockets while defendant fled from the scene. No money or other personal belongings were found in Mr. Harvey's possession after his body was recovered by the police except for his cellphone.

Defendant was arrested on March 24, 2006 after an arrest warrant was issued for the murder of Mr. Harvey. While being held pending trial, defendant proceeded to tell a fellow inmate, Antonio Lindsay, about how he shot Mr. Harvey in the back as the victim walked away from an argument. Defendant also bragged about his plans to kill Ms. Perkins as part of a celebration after he was released. Mr. Lindsay wrote a letter to the District Attorney's office detailing this conversation with the defendant and testified against the defendant at trial.

2

DISCUSSION

In his 1925(b) statement, defendant raises two issues that assert that this Court abused its discretion by denying him a hearing and then relief on his claim alleging that he was entitled to a new trial on account of newly discovered evidence consisting of an affidavit signed by Nicodemo DiPietro wherein DiPietro avers that Antonio Lindsay admitted to him that he lied during defendant's trial in an effort to obtain an earlier release from prison.[1] Defendant also claims that there is additional evidence that Lindsay received defendant's discovery materials and learned the facts of the case from those materials. According to defendant, a different outcome would have resulted at the conclusion of his trial had the jury been presented with this evidence.

To succeed on a claim of newly discovered evidence under the PCRA, a defendant must demonstrate by a preponderance of the evidence that the evidence is exculpatory. 42 Pa.C.S. § 9543(a) (petitioner must plead and prove by preponderance of evidence that conviction or sentence resulted from "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced") (emphasis added). In addition, the defendant must prove that the evidence was discovered after the trial and it could not have been obtained at or prior to trial through reasonable diligence, is not merely cumulative of evidence presented at trial, will not be used solely to impeach the credibility of a witness, and is of such a nature and character that a

---

[1] The standard of review applied by appellate courts to an order denying PCRA relief is well settled. The appellate court must determine whether the evidence of record supports the PCRA court's factual determinations and whether the PCRA court's legal conclusions are free of legal error. Commonwealth v. Bomar, 104 A.3d 1179, 1188 (Pa. 2014); Commonwealth v. Morrison, 878 A.2d 102 (Pa. Super. 2005). When the PCRA court's findings of fact and its credibility determinations are supported by the record, the appellate court must accept those findings. Commonwealth v. Halley, 870 A.2d 795, 799 n.2 (Pa. 2005); Commonwealth v. Hart, 911 A.2d 939 (Pa. Super. 2006); Commonwealth v. Maynard, 900 A.2d 395, 397 n.4 (Pa. Super. 2006).

3

different verdict will likely result if a new trial is granted. <u>Commonwealth v. Randolph</u>, 873 A.2d 1277, 1283 (Pa. 2005); <u>Commonwealth v. D'Amato</u>, 856 A.2d 806, 823 (Pa. 2004).

The alleged after-discovered evidence in the present case did not justify the granting of an evidentiary hearing or a new trial because the only purpose it would have served is to impeach the credibility of Antonio Lindsay. The defendant would only proffer the testimony of the new witnesses at a new trial in order to cast doubt on the testimony of Antonio Lindsay and to persuade the jury that he is not worthy of belief. This use of that testimony for that purpose manifests the very definition of impeachment of credibility. Because the evidence that was allegedly after-discovered would be used solely to impeach the credibility of the Commonwealth's chief witness, the after-discovered evidence here was properly determined not to provide a basis for the grant of post-conviction collateral relief.

The claim of after-discovered evidence presented in this case is very similar to a claim that the Superior Court rejected in <u>Commonwealth v. Detman</u>, 770 A.2d 359 (Pa Super 2001). In <u>Detman</u>, the defendant attempted to present a claim of after-discovered evidence alleging that the Commonwealth's chief witness later recanted his testimony, telling the appellant's brother that he had lied at trial about appellant's involvement in the crime. The Superior Court found that the alleged after-discovered evidence would, at most, have impeached the testimony of the Commonwealth's witness and, therefore, denied the request for a new trial.

The present case is, for all practical purposes, identical. Defendant seeks only to present evidence that Lindsay later recanted his testimony and said that he had lied at defendant's trial. Such an allegation goes solely to impeachment of the witness and was properly determined not to support the grant of a new trial.

4

Even assuming that Antonio Lindsay did recant and indicate that he implicated defendant to better his chance of being paroled, defendant's claim failed because the issue whether Lindsay implicated defendant to facilitate an earlier release from prison was merely cumulative of evidence presented at trial. At trial, Lindsay's motivation for testifying for the Commonwealth was extensively explored. Lindsay testified that while he did ask the Commonwealth for some consideration in exchange for his testimony, the Commonwealth indicated that it would only write a letter to the Parole Board for him and advised him that the ultimate decision concerning his release rested solely with the Board. (N.T. 5/28/10, 16, 19). Lindsay also stated that he had been advised by the Parole Board that he was a good candidate for parole even before the Commonwealth wrote any letter and thus, DiPietro's proposed testimony clearly was cumulative of testimony presented at trial. (N.T. 5/28/10, 20).

Testimony that Lindsay had access to defendant's discovery material was also cumulative of trial testimony. Defendant testified at trial that he gave Lindsay access to some of the discovery materials. (N.T. 6/1/10, 68). Therefore, it is clear that defendant did not meet this prong of the newly-discovered evidence test either.

Finally, it was clear to this Court that the proposed testimony would not result in a different outcome. In addition to Lindsay, the Commonwealth presented the testimony of Belinda Perkins, who knew defendant, his acquaintances and the victim, and who testified that she overheard defendant scheming to rob the victim, saw him pull out a gun just prior to the shooting, and was present when it occurred. (N.T. 5/27/10, 153-160). Also, evidence was presented establishing that defendant had gotten into a fight with the victim the day prior to the shooting thereby providing a motive for defendant's commission of the crime. (N.T. 5/28/10, 66, 67). Clearly, there here is no chance that a new trial would result in a different verdict if the

5

fact-finder heard the testimony proposed by defendant in the instant claim and it is therefore respectfully suggested that defendant be denied relief with respect to this claim.

With regard to defendant's contention that this Court committed an abuse of discretion by finding that he was not entitled to an evidentiary hearing, the law is clear that there is no absolute right to an evidentiary hearing under the PCRA. Commonwealth v. Hardcastle, 701 A.2d 541, 542 (Pa. 1997). To justify a hearing, the defendant must prove that there is a genuine issue of material fact which could entitle him to relief. Commonwealth v. Clark, 961 A.2d 80, 84 (Pa. 2008); D'Amato, 856 A.2d at 820 (Pa. 2004); Pa.R.Crim.P. 908(A)(2). If, as here, a defendant's petition is "without a trace of support," it may be dismissed without a hearing. Commonwealth v. Payne, 794 A.2d 902, 906 (Pa. Super. 2002); Pa.R.Crim.P. 907.

As discussed above, defendant's newly discovered evidence claim lacked even a scintilla of merit for the reasons proffered herein. Consequently, the dismissal of this matter in the absence of an evidentiary hearing was appropriate given the circumstances and it is suggested that the claim be deemed lacking in merit. It is noted that the Superior Court has rejected the argument that the issue of credibility of recantation evidence is one that is better resolved following an evidentiary hearing where the judge who made the determination regarding recantation evidence was the "same judge who presided over the trial and observed the now recanting witness's testimony". See Commonwealth v. McClucas, 548 A.2d 573, 576 n.7 (Pa. Super. 1988); see also Detman, 770 A.2d at 361 (affirming denial without hearing of post-verdict motion based on allegation that witness had recanted in statement to defendant's relatives).

Here, this Court observed Lindsay when he testified at trial and found him credible. Therefore, this Court saw no need for a hearing especially because Lindsay's alleged recantation

6

was far outweighed by the other highly inculpatory evidence presented at trial and it is suggested that this Court's decision not to hold a hearing in this matter be affirmed.

CONCLUSION

Based on the foregoing, it is respectfully suggested that the Order denying defendant PCRA relief without a hearing be affirmed.

By the Court,

DATE: 5/27/16

Honorable Jeffrey P. Minehart